UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRICK JERMON SMITH,<br><br>Plaintiff,<br><br>v.<br><br>L. O'BRIAN, et al.,<br><br>Defendants. | No. 2:20-cv-1510-EFB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF No. 2.

<u>Application to Proceed in Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1 relief may be granted," or "seeks monetary relief from a defendant who is immune from such
2 relief." *Id.* § 1915A(b).

3      A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
4 of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and
5 plain statement of the claim showing that the pleader is entitled to relief, in order to give the
6 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
7 *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
8 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
9 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
10 U.S. 662, 679 (2009).

11      To avoid dismissal for failure to state a claim a complaint must contain more than "naked
12 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
13 action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
14 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
15 678.

16      Furthermore, a claim upon which the court can grant relief must have facial plausibility.
17 *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
18 content that allows the court to draw the reasonable inference that the defendant is liable for the
19 misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a
20 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
21 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
22 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

23 Screening Order

24      Plaintiff's allegations are succinctly set forth in a single paragraph. ECF No. 1 at 5. He
25 alleges that on August 1, 2019, he requested a Kosher diet. On August 2, 2019, defendant
26 Schumann denied the request, stating he "did not want to show favor to the Muslims." *Id.*
27 Schumann referred plaintiff's request to the "RRC members," which, in addition to himself,
28 included defendants Jones, Stewart, and David. On August 28, 2019, the RRC denied the request

because plaintiff had not articulated a "sincere religious belief." *Id.* On October 28, 2019, plaintiff appealed the RRC denial, which was denied by defendant O'Brian. Defendant Peterson was involved in a subsequent denial of plaintiff's appeal and defendant Buchmiller denied plaintiff's appeal at the second level of review, apparently under the authority of defendant Lynch. Plaintiff claims that defendants infringed upon his right to exercise his religion and seeks two million dollars in damages. *Id.* at 8. As discussed below, the complaint cannot survive screening.

To start, there are no constitutional requirements regarding how a grievance system is operated, even if plaintiff believes it to be unfair. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Thus, plaintiff may not recover damages from defendants even if he believes their denials of his appeals were unfair.

Further, plaintiff has not otherwise plead sufficient facts to demonstrate any violation of his federal constitutional or statutory rights. Under the Free Exercise Clause of the First Amendment, for example, only those beliefs that are sincerely held and religious in nature are entitled to constitutional protection. *See Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (plaintiff must show that the activity is both "sincerely held" and "rooted in religious belief"). Plaintiff has not alleged that a Kosher diet is rooted in a religious belief. Moreover, damages are not an available form of relief under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").[1] *See Wood v. Yordy*, 753 F.3d 899, 902-04 (9th Cir. 2014).

Plaintiff will be granted leave to correct these deficiencies in an amended complaint.

/////

/////

---

[1] Under RLUIPA, "no [state or local] government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden furthers "a compelling government interest" by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). "Religious exercise" includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Id.* § 2000cc-5(7)(A). A "substantial burden" is one that imposes a significantly great restriction or onus on religious exercise. *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034-35 (9th Cir. 2004).

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend.  If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).   The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights.  The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation  filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days from the date of service of this order; and

4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: September 29, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE